**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARK ALLEN MYERS, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 4:26-CV-00139 HEA |
| ST. CHARLES COUNTY JAIL, et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented Plaintiff Mark Allen Myers' Motion to Proceed in Forma Pauperis. [ECF No. 4]. Having reviewed the Motion and the financial information submitted in support, the Court will grant the application and waive the filing fee.[1] As Plaintiff is now proceeding in forma pauperis, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[1] Plaintiff has submitted a prison account statement showing a zero account balance. Accordingly, the Court will waive the filing fee at this time. [ECF No. 3].

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## State Criminal Action

On December 3, 2025, a criminal complaint was filed in St. Charles County Circuit Court against Plaintiff charging him with felony trafficking drugs in the second degree and three counts

2

of felony endangering the welfare of a child – creating a substantial risk in the first degree. *See State v. Myers*, No. 2511-CR03834 (11th Jud. Cir., St. Charles County Court).

According to the probable cause statement filed in Plaintiff's criminal action, Plaintiff, who has prior convictions for statutory rape in the second degree, failure to register as a sex offender, possession of a controlled substance and unlawful possession of drug paraphernalia, was living with his co-defendant Amber Britton with their three children in St. Charles County. The Children's Division initiated an investigation into the couple when one of the children arrived at school with a laceration that required medical care. Myers and Britton failed to respond to the school or seek timely or appropriate treatment. Children's Division requested law enforcement assistance due to concerns about the child's welfare. *See id*.

Law enforcement and the Children's Division appeared to have visited Myers' and Britton's home on a couple of occasions. The residence was unsanitary, with extreme clutter in the home, strong odors of urine, no bedding on mattresses and large amounts of debris and dirty dishes covering surfaces. The kitchen cabinets and refrigerator were secured with locks that prevented the children from accessing food. Myers and Britton stated that the locks were necessary to control food access. *Id*.

During the visits Myers and Britton were evasive, impaired or unresponsive and repeatedly claimed to be unable to complete drug testing after investigators received information that methamphetamine was being used inside the residence. Despite being given opportunities to clean and correct safety hazards, no meaningful improvements were made at the residence. *Id.*

Two of the three children participated in forensic interviews and disclosed that they were regularly locked inside their bedrooms, denied food access and were forced to break the locks on cabinets to eat. One child reported that she had experienced hunger so badly that she vomited

3

and was then punished after vomiting. The children also reported that they were forced to care for one another and themselves, including waking each other, preparing food and getting ready for school. Myers and Britton were known to often sleep in and fail to provide supervision. *Id.*

The children also described being subjected to physical discipline, including being struck with belts, paddles and other objects, as well as being grabbed or dragged by the neck. The children stated that their bruises and injuries were concealed, and they were instructed not to disclose what occurred inside the home. They reported that they feared additional punishment if they spoke about the conditions, attempted to leave their bedrooms, or tried to obtain food. They also stated that the windows to their rooms were screwed shut to prevent them from leaving while they were confined. *Id.*

During the execution of a search warrant on December 2, 2025, investigators found locks on all cabinets and the refrigerator. Locks were found on each bedroom door which required fingerprints for access. Boards and screw holes were located near the windows. Belts consistent with those described by the children were located. Large quantities of what appeared to be methamphetamine and smoking paraphernalia were found unsecured in the bedroom and shed on the property. The house was unsanitary, lacked heat and was deemed uninhabitable by St. Charles County Code Enforcement. No children's toys or clothing were found. *Id.*

Upon the search of the adjoining shed on the property, law enforcement found multiple baggies of suspected methamphetamine, some in a locked safe which appeared to be packaged for sale. The methamphetamine weighed approximately 130 grams in total. There was also a digital scale, an undetermined amount of money, two glass plates containing rock-like substances suspected to be methamphetamines, and glass smoking devices which contained burnt residue. Inside the shed was paperwork containing the names of both Mark Myers and Amber Britton. *Id*.

4

## The Complaint

On January 30, 2026, Plaintiff filed the instant action against St. Charles County Jail and the State of Missouri. [ECF No. 1]. Plaintiff complains that his home was searched, and he was taken into custody on December 2, 2025, in St. Charles County. Although he denotes that he was told at the time he was arrested that it was subject to a lawful arrest warrant, and that officers also had a warrant to search his home, he states that he was not shown the warrants at the time of his arrest. However, it is clear from the probable cause statement and from review of his criminal action on Missouri Case.net, that officers had both an arrest warrant and search warrant for his home. *See State v. Myers*, No. 2511-CR03834 (11th Jud. Cir., St. Charles County Court).

Plaintiff claims that there is no evidence that he had access to any controlled substances at the premises, as he was not the owner of the premises – his co-defendant Amber Britton was leasing the home from her uncle. Additionally, Plaintiff claims that there is no evidence that he had keys to the shed on the property where much of the controlled substances were found.

Plaintiff has not filled out the portion of the complaint indicating the relief he is seeking in this action. To the extent Plaintiff is seeking release from jail, he would need to file a petition for writ of habeas corpus.[2] To the extent Plaintiff is seeking monetary relief, the Court will address Plaintiff's contentions as brought against the St. Charles County Jail and the State of Missouri, who are the only named Defendants in this action.

---

[2] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining that Supreme Court "has held that a prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge the fact or duration of his confinement"); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release); *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (stating that when "a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action").

**Discussion**

Based on a careful review and liberal construction of the filings before the Court, the Court will dismiss this action.

Plaintiff's claims against the St. Charles County Jail are subject to dismissal. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). A jail, however, is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, Plaintiff's complaint fails to state a claim against the St. Charles County Jail.

To the extent the Plaintiff intends to bring this case against St. Charles County, his complaint still falls short. A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, a plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can potentially assert a municipal liability claim.

Here, Plaintiff has failed to provide any facts that would establish liability under *Monell*. Plaintiff has not alleged any facts supporting the proposition that an unconstitutional policy or custom exists. He merely details his home was searched on December 2, 2025, and he was arrested on that date and charged with felony trafficking drugs in the second degree and three counts of felony endangering the welfare of a child – creating a substantial risk in the first degree. As noted above, Plaintiff's state court criminal case indicates that the search and arrest occurred according to a valid search warrant and arrest warrant. *See State v. Myers*, No. 2511-CR03834 (11th Jud. Cir., St. Charles County Court).[3] This does not indicate any unconstitutional policy or custom. Further, Plaintiff has provided no allegations or facts indicating a deliberately indifferent failure to train or supervise. Thus, Plaintiff's complaint fails to state a claim against St. Charles County.

Last, Plaintiff fails to establish liability on behalf of the State of Missouri in this action. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights."[4] *McLean,* 548 F.3d at 618; *Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); and

---

[3] To the extent Plaintiff wishes to argue in a new action that he was subjected to unlawful imprisonment or unlawful arrest, he can attempt to sue the officer or officers who subjected him to arrest. The new action would have to be filed within the five-year statute of limitations from the date of the alleged occurrence, *see Wallace v. Kato,* 549 U.S. 384, 393-94 (2007), and he would need to explain his arrest and imprisonment by the officers were unlawful given the existence of the search warrant and arrest warrant. *See State v. Myers*, No. 2511-CR03834 (11th Jud. Cir., St. Charles County Court).

[4] Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Ark. State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007).

*Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed without prepayment of the required filing fees and costs [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of February, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE